Hay, Judge,
delivered the opinion of the court:
This is a suit brought by the plaintiff against the United States to recover the sum of $22,000.
The material facts are that on the 31st day of July, 1911, the plaintiff entered into a written contract with the United States whereby it agreed to furnish and deliver 12,000,000 pounds of hay to the United States, f. o. b. cars Newport News, Va., at the following prices, 6,000,000 pounds @ $0.97% per cwt. and 6,000,000 pounds @ $0.95 per cwt. The delivery of said hay Avas subject to call of the United States in lots of not to exceed one million pounds per lot, all to be delivered Avithin three months from date of the first call. The first call was made on August 15, 1917, and was for 500,000 pounds of hay, which was delivered- The second call was made on August 20, 1917, and Avas for 1,050,000 pounds of hay, the third call AAras made on September 5, 1917, and Avas for 2,000,000 pounds of hay, the fourth call was made on September 12, 1917, and was for 4,450,000 pounds of hay, all of which hay was delivered. Thus the *939 second, third, and fourth calls were made for more than the 1,000,000 pounds of hay, which the contract provided should be the quantity to be called for at any one time. These three calls were all received by the plaintiff, and the hay was delivered by it without objection or protest as to the quantity called for.
The fifth call was made on September 25, 1917, for 4,000,000 pounds of hay, and on October 4, 1917, four days after the contract expired the plaintiff refused to deliver the hay upon the ground that the contract provided that only 1,000,000 pounds of hay could be called for at any one time.
The plaintiff under the provisions of the contract had ample time in which to make delivery of the hay as it had three months to complete such delivery from the date of the first call, which was on August 15, 1917.
The plaintiff having refused to deliver the hay, the Government after some correspondence informed the plaintiff that if the hay Avas not delivered under the contract it would buy hay in the open market for plaintiff’s account. Thereupon the plaintiff delivered the hay under the contract in the latter part of November and the first of December, 1917, but protested against the delivery at contract prices, and notified the defendant that it would take the matter up with the authorities at Washington, and if they should rule in its favor that it wanted a settlement at fair market price. This the plaintiff did, but the authorities in Washington ruled against it. Whereupon the plaintiff accepted the market price for the 4,000,000 pounds of hay without protest at the time of its acceptance of the contract price, and has now brought this suit for the amount which it claims is the difference between the contract price and the market value of the hay.
The plaintiff would have been within its rights under the contract' if it had adhered to its refusal to deliver the 4,000,000 pounds of hay, but it did not do so. It went ahead and voluntarily delivered the hay under the terms of its contract and thereby waived the provisions of the contract upon which it could have relied. It does not appear that there was any duress or compulsion exercised by the defendant against the plaintiff.
*940 The last call was made specifically with reference to the contract. The delivery was made under the provisions of the contract, and the protest made by the plaintiff was not regarded by the defendant. The situation was that the plaintiff had the option of delivering the hay under the terms of the contract or of not delivering it at all. It chose to deliver under the terms of the contract. The matter of price was not left open by the defendant; on the contrary, it tendered the contract price, which was accepted by the plaintiff. It must be held that the plaintiff voluntarily accepted the call for 4,000,000 pounds of hay, and that it delivered the hay at the contract price. Willard, Sutherland & Co. v. United States, 262 U. S. 489; Atwater & Co. v. United States, 262 U. S. 495; Nelson Co. v. United States 261 U. S. 17.
The petition of the plaintiff must be dismissed. It is so ordered.
Grai-iam, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.